UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY ANDRES FLORES SANGRONIS (A#244-811-207)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-06362-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner is a native and citizen of Venezuela who was paroled into the United States through the CBP One application process on November 20, 2024. ECF No. 6-1 at 2. In doing so, immigration officials necessarily determined that Petitioner did not present a risk of flight or danger to the community. He was served with a Notice to Appear ("NTA") in immigration court and charged with being removable for not possessing valid documents to enter or reside in the United States. ECF No. 6-1 at 2. After being released on parole into the U.S., Petitioner lived in Austin for over two years. ECF No. 1. During this time, he continued to check in with

immigration officials as required. ECF No. 1.

On November 29, 2025, he was arrested in the state of Texas for possession of drug paraphernalia. ECF No. 1. Immigration and Customs Enforcement took Petitioner into custody on January 21, 2026, after the prosecution rejected the criminal charge pending against Petitioner. ECF No. 6-2 at 6 (Rap Sheet). Therefore, Petitioner was not convicted of any crime that would justify his ongoing detention.

An immigration judge ordered Petitioner removed to Mexico or, in the alternative, Venezuela, on April 29, 2026. ECF No. 6-3 at 3-6. However, Petitioner appealed that order to the Board of Immigration Appeals where it remains pending. ECF No. 6-3 at 1. Therefore, Petitioner is not subject to a final administrative order of removal. He is currently detained at the Central Valley Annex located in this judicial district.

In his § 2241 application, Petitioner challenges his detention as a violation of due process. Respondent contends that Petitioner was originally detained pursuant to 8 U.S.C. § 1225(b)(2)(A) while in the Fifth Circuit, but acknowledges that once he was transferred to the Central Valley Annex, binding Ninth Circuit precedent holds that he is currently detained pursuant to 8 U.S.C. § 1226(a).[1] ECF No. 6 at 1 (citing Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026)).

## II. Legal Standards

### A. Constitutional Framework

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). This provision "protects individuals against two types of government action: violations of substantive due process and procedural due

---

[1] Although it is not exactly clear when Petitioner was transferred from immigration detention in Texas, the record does demonstrate that Petitioner was already in custody at the Central Valley Annex by August 5, 2026 when he signed the § 2241 petition in this case. ECF No. 1 at 8.

process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted). Freedom from imprisonment or physical restraint is a "fundamental" right at the "core of the liberty protected by the Due Process Clause." Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (quoting Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**B. Statutory Immigration Framework**

Once immigration removal proceedings have been initiated by filing a Notice to Appear ("NTA") with the immigration court, a noncitizen "may be arrested and detained" while removal proceedings are pending or the government "may release the [noncitizen] on ... conditional parole." 8 U.S.C. § 1226(a)(2); see accord Dep't of Homeland Security v. Thuraissigiam, 591 U.S. 103, 108 (2020) (during removal proceedings, applicant may either be "detained" or "allowed to reside in this country"). When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). A noncitizen will be released if he or she "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." Id. (citing 8 C.F.R. § 236.1(c)(8)). If the ICE officer makes the initial determination to continue detention, the

noncitizen can request a custody redetermination hearing before an immigration judge pursuant to 8 C.F.R. § 236.1(d)(1). If, at this hearing, the detainee demonstrates by the preponderance of the evidence that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the IJ is required to release the noncitizen. Rodriguez Diaz, 53 F.4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

**III. Analysis**

In this case, Respondent concedes that Petitioner's detention is discretionary pursuant to 8 U.S.C. § 1226(a). Based on Petitioner's prior release on parole, his length at liberty in the community prior to his detention, and the decision in Michael O. v. Warden, California Corr. Ctr., et al., No. 1:26-1872-TLN-CKD, 2026 WL 915015, at *1-2 (E.D. Cal. Apr. 3, 2026), the undersigned finds that Petitioner had a protected liberty interest in his continued freedom from detention.

Having determined that Petitioner had a protected liberty interest, the question remains what process is due based on that interest. The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to answer this question.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for one year before being detained in this case. The duration of his freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty.").

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in petitioner's favor. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC); 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); A.E. v. Andrews, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (stating that "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has

not received any bond or custody redetermination hearing."). Petitioner has been detained without any individual determination that such detention is necessary based on any risk of danger to the community or flight risk, despite being statutorily entitled to such process. There was not even sufficient evidence to prosecute Petitioner on any criminal charge, much less evidence in the record that he is a danger to the community or a particularized risk of flight. Under these circumstances, a hearing before a neutral decisionmaker would have significant value in determining whether petitioner's detention is necessary. Thus, the second Mathews factor favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any process for over six months following his arrest and detention. Accordingly, Petitioner's § 2241 application should be granted based on the procedural due process claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner KENNY ANDRES FLORES SANGRONIS (A#244-811-207) from custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7)

days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Central Valley Annex; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE